```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LARRY WILLIAMS | : | CIVIL ACTION |
| v. | : | |
| MIKE WENERIWICKZ, et al. | : | NO. 12-1765 |

### MEMORANDUM

SANCHEZ, J.                                    MAY 18, 2012

Plaintiff Larry Williams, a prisoner incarcerated at the State Correctional Institution at Graterford, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against seven prison employees. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(ii) without prejudice.

## I.  FACTS

Plaintiff claims that he gave defendant Robert Kellie legal materials to be copied at the prison library.[1] The complaint and attachments to the complaint indicate that the legal materials were motions that plaintiff intended to file with the United States Supreme Court, which might have concerned an allegation of ineffective assistance of counsel. Kellie gave the motions to

---

[1] Plaintiff did not list Kellie in the caption of his complaint as required by Federal Rule of Civil Procedure 10(a). However, he lists Kellie as a defendant on the second page of his complaint and clearly intends to bring claims against him. Accordingly, the Clerk is instructed to add Kellie as a defendant on the docket.

defendant Captain Spagnoletti,[2] even though plaintiff "never authorized [Kellie] . . . to do so." (Compl. ¶ II.D.) Plaintiff alleges that those defendants stole or destroyed his legal materials. Based on those facts, he appears to be asserting a claim that he was denied access to the courts. He seeks $10,000 from each defendant.

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the standards set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

## III. DISCUSSION

Prisoners retain a right to access the courts to pursue direct or collateral challenges to their sentences and to challenge their conditions of confinement. See Monroe v. Beard,

---

[2] The complaint does not reflect Spagnoletti's first name.

536 F.3d 198, 205 (3d Cir. 2008). A prisoner claiming that the defendants' actions "have inhibited [his] opportunity to present a past legal claim[] . . . must show (1) that [he] suffered an 'actual injury' - that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Id. "[T]he underlying cause of action, . . . is an element that must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, the complaint fails to state a claim because it does not describe the underlying claim in a manner that would allow the Court to conclude that it was nonfrivolous or arguable. To the contrary, the only information discernable from the complaint is that the legal materials in question were motions to the United States Supreme Court that may have involved an allegation of ineffective assistance of counsel. Those allegations are insufficient on their own to establish that plaintiff suffered an actual injury. Nor does the complaint allege that plaintiff has no other remedy to compensate him for his lost claims. Furthermore, although plaintiff named seven defendants, he has not described how any of the defendants other than Kellie and Spagnoletti were personally involved in the alleged violation of his rights. See Bright v. Westmoreland Cnty., 380 F.3d 729, 740 n.3 (3d Cir. 2004) ("To state a viable § 1983 claim against an individually named defendant, the plaintiff must set forth facts

in his Complaint showing how each such individually named defendant was personally involved in the alleged deprivation of his constitutional rights.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to plaintiff's right to file an amended complaint in the event that he can cure the defects noted above. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

Juan R. Sanchez, J.